```
 1  AL SMITHSON, Esq.
    830 23rd Street
 2  San Diego, California 92102

 3  (619) 234-8729

 4  Attorney State Bar No. 51611

 5  Attorney for Material Witness:
    BENITO MARTINEZ-HERNANDEZ
 6

 7

 8               UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF CALIFORNIA
 9                (Honorable Anthony J. Battaglia)

10  UNITED STATES OF AMERICA,        ) MAGISTRATE CASE 08M2481-AJB
                                     )
11                                   )    DATE: September 16, 2008
                                     )    TIME: 1:30 P.M.
12            Plaintiff,              )   COURTROOM A
                                     )
13  v.                               )   NOTICE OF MOTION
                                     )   AND MOTION FOR ORDER
14  JOSE RAMON HERRERA-CONTRERA      )   SETTING VIDEO DEPOSITION
    JOSE FELIIPE PEREZ               )   OF MATERIAL WITNESS
15  WILMER GIOVANY OLMEDO            )   BENITO MARTINEZ-HERNANDEZ
                                     )
16                                   )
                                     )
17                                   )
                                     )
18            Defendants.            )
    _____)
19
```

   TO: ALL NAMED PARTIES AND THEIR ATTORNEYS and ASSISTANT UNITED STATES ATTORNEY, Attorney for Plaintiff, THE UNITED STATES.

   PLEASE TAKE NOTICE that on Tuesday, September 16, 2008 at 1:30 P.M. in the Courtroom A of the Honorable ANTHONY J. BATTAGLIA, or as soon thereafter as counsel may be heard, the material witness, BENITO MARTINEZ-HERNANDEZ, by and through counsel, AL SMITHSON, will bring the above entitled motion.

///
///

| | |
|---|---|
| 1 | **MOTION** |
| 2 | The material witness, BENITO MARTINEZ-HERNANDEZ, by and through |
| 3 | counsel, AL SMITHSON, and pursuant to Rule 15(a) of the Federal |
| 4 | Rules of Criminal Procedure, and pursuant to 18 U.S.C. Section 3144, |
| 5 | moves for an order to secure a video deposition of testimony of this |
| 6 | material witness pending trial, and for an Order for release from |
| 7 | custody immediately thereafter. |
| 8 | This motion will be made on the grounds that this witness is |
| 9 | unable to meet any condition of release and that his testimony can |
| 10 | be adequately secured by deposition and that detention is not |
| 11 | necessary to prevent a failure of justice and that further detention |
| 12 | imposes a severe hardship on the witness and his family. |
| 13 | This motion will be based upon the Declaration of Attorney AL |
| 14 | SMITHSON, the Memorandum of Points and Authorities in support of |
| 15 | this motion, and all documents and records on file herein, and upon |
| 16 | such oral testimony as the Court may deem proper. |
| 17 | |
| 18 | DATED: September 1, 2008 |
| 19 | |
| 20 | /s/ Al Smithson |
|    | AL SMITHSON, Attorney for |
|    | BENITO MARTINEZ-HERNANDEZ |

```
 1  AL SMITHSON, Esq.
    830 23rd Street
 2  San Diego, California 92102

 3  (619) 234-8729

 4  Attorney State Bar No. 51611

 5  Attorney for Material Witness:
    BENITO MARTINEZ-HERNANDEZ
 6

 7
                  UNITED STATES DISTRICT COURT
 8                SOUTHERN DISTRICT OF CALIFORNIA
                  (Honorable ANTHONY J. BATTAGLIA)
 9

10  UNITED STATES OF AMERICA,      ) MAGISTRATE CASE 08MJ2481-AJB
                                   )
11                                 )    DATE: September 16, 2008
                                   )    TIME: 1:30 P.M.
12            Plaintiff,           )    COURTROOM A
                                   )
13  v.                             )
                                   )
14  JOSE RAMOS HERRERA-CONTRERA    )    PROOF OF SERVICE
    JOSE FELIPE PEREZ              )
15  WILMER GIOVANY OLMEDO          )
                                   )
16            Defendants.          )
    _____)
17
```

## I.

## INTRODUCTION

I, the undersigned, state:

That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

That my business address is: 830 23rd Street, San Diego, California 92102;

That I served the NOTICE OF MOTION and MOTION FOR ORDER SETTING VIDEO DEPOSITION OF MATERIAL WITNESS; DECLARATION OF ATTORNEY IN SUPPORT OF MOTION FOR ORDER SETTING VIDEO DEPOSITION OF

1  **MATERIAL WITNESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
2  **OF MOTION FOR SETTING VIDEOTAPE DEPOSITION OF MATERIAL WITNESS on**
3  **counsel involved in this matter. These documents have been served**
4  **on counsel of record and the AUSA via the Court's email**
5  **notification system.**
6      I certify under penalty of perjury that the foregoing is true
7  and correct.    Executed on September 1, 2008, at San Diego,
8  California.

10                /s/ Al Smithson
                     AL SMITHSON, Attorney
11                   For Material Witness

2

1  AL SMITHSON, Esq.
   830 23rd Street
2  San Diego, California 92102

3  (619) 234-8729

4  Attorney State Bar No. 51611

5  Attorney for Material Witness:
   BENITO MARTINEZ-HERNANDEZ

6

7

8              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
9              (Honorable ANTHONY J. BATTAGLIA)

10 UNITED STATES OF AMERICA,        ) MAGISTRATE CASE 08MJ2481-AJB
                                    )
11                                  )     DATE: September 16, 2008
                                    )     TIME: 1:30 P.M.
12         Plaintiff,                )
                                    )     MEMORANDUM OF POINTS AND
13 v.                                )     AUTHORITIES IN SUPPORT
                                    )     OF MOTION FOR ORDER
14 JOSE RAMON HERRERA-CONTRERA      )     SETTING VIDEO DEPOSITION
   JOSE FELIPE PEREZ                )     OF MATERIAL WITNESS
15 WILMER GIOVANY OLMEDO            )     BENITO MARTINEZ-HERNANDEZ
                                    )
16                                  )
                                    )
17                                  )
           Defendants.               )
18 _____)

19

20                              I.

21                        INTRODUCTION

22      The material witness, BENITO MARTINEZ-HERNANDEZ arrested on or

23 about August 11, 2008, and has remained in custody since that date.

24      Material witness BENITO MARTINEZ-HERNANDEZ, seeks an Order by

25 this Court under 18 U.S.C. Section 3144 and Federal Rule of

26 Criminal Procedure 15 to have his testimony preserved in a video

27 deposition as he has been unable to secure a surety under the

28 conditions imposed by the government in this matter.

II.

**UNDER EXISTING FEDERAL LAW**

**THE COURT IS REQUIRED TO ORDER**

**THE DEPOSITION AND RELEASE OF THIS WITNESS**

18 U.S.C. Section 3144 provides that a material witness who is unable to comply with any condition of release has the right to have their deposition taken and thereafter be released:

"<u>No material witness may be detained because of inability to comply with an condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice...</u>"

"Upon such a showing, the district *must* order [the witness'] deposition and prompt release." (Torres-Ruiz v. United States District Court for the Southern District Court of California, 120 F.3d 933, 935 (9th Cir., 1997)) (emphasis in original).

Further, Federal Rule of Criminal Procedure 15 (a) provides the procedure basis for this motion for deposition:

"<u>If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness...</u>"

Under such circumstances, "if the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, the

1  material [witness] must be deposed rather than detained." (Aguilar-
2  Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992)).
3
4     The language of 18 U.S.C. Section 3144 is mandatory and
5  requires material witnesses's deposition and release.
6
7     Further, legislative history supports the position that the
8  deposition and release of a material witness is mandatory.
9
10    Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS,
11 reads (in part):
12    This Section carries forward, with two significant changes,
13 current 18 U.S.C. 3149 which concerns the release of a material
14 witness.  If a person's testimony is that it may become
15 impracticable to secure his presence by subpena, the government is
16 authorized to take such person into custody. A judicial officer is
17 to treat such a person in accordance with Section 3142 and to
18 impose those conditions of release that he finds to be reasonably
19 necessary to assure the presence of the witness as required, or if
20 no conditions of release will assure the appearance of the witness,
21 order his detention as provided in Section 3142.  However, if a
22 material witness cannot comply with release conditions or there are
23 no release conditions that will assure his appearance, but he will
24 give a deposition that will adequately preserve his testimony, the
25 judicial officer is required to order the witness's release after
26 the taking of the deposition if this will not result in a failure
27 of justice... 1984 U.S. Code Cong. and Adm. News, p. 3182.
28

In the instant case, in which the material witness will have been incarcerated 36 days on the hearing date of this motion due solely to his inability to secure bond, continued incarceration violates the clearly stated intent of the Congress and the straightforward rulings by the Court of Appeals (Torres-Ruiz v. United States District Court) that such practices shall not be permitted. Prolonged and continued incarceration clearly meets the test of "exceptional circumstances" as referenced in Torres-Ruiz v. United States District Court. In another case where the material witness had been in custody for <u>three weeks</u>, the Fourth Circuit held that continued incarceration with no prospective surety available to post bond was an exceptional circumstance justifying deposition and release of the material witness. (United States v. Rivera, 859 F.2d, 1204, 1205 (4th Cir. 1988)

The circumstances in this case are similar to Torres-Ruiz and Rivera, as the material witness in this case continues to be held for no purpose other than to be a witness owing solely to his inability to post bond. Because deposition serves as an adequate alternative to his continued incarceration, BENITO MARTINEZ-HERNANDEZ has "an overriding liberty interest in not being detained as a material witness when the deposition serves as an adequate alternative to prolonged detention." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419-420 (5th Cir. 1992)). Under the standards articulated by the Court of Appeals, prolonged incarceration of BENITO MARTINEZ-HERNANDEZ merely because of his inability to secure bond thus is an exceptional circumstance that mandates his immediate

1  deposition and release.

2

3  Exceptional circumstances also may be shown by the effect of
4  prolonged incarceration on the family of the material witness.
5  (Torres-Ruiz v. United States District for the Southern District of
6  California)  In the Torres-Ruiz case, the material witnesses were
7  held more than 60 days and the Ninth Circuit held "the continued
8  detention of . . . material witnesses, whose testimony could be
9  adequately preserved by videotaped deposition and whose families
10 are suffering extreme hardship as a result of petitioner's
11 continued detention, is an exceptional circumstance justifying the
12 extraordinary remedy of mandamus. . ." and ordered the district
13 court to "schedule video depositions of petitioners at the earliest
14 possible date."

15

16 In the instant matter, counsel acting on behalf of the
17 detained material witness believes there will be no failure of
18 justice in requiring a deposition, and asserts that such is
19 supported by case law.  It is true that the defendants have a
20 Constitutional right to confront and cross-examine witnesses
21 against them, but these rights must be balanced against the
22 Constitutional rights of the detained witness.  In this matter, the
23 defendants are represented by counsel who has been notified of the
24 deposition and invited to ask all questions of the witness which
25 counsel believes will further their case.
26 ///
27 ///
28

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | **III.**                                                                 |
| 2  | **CONCLUSION**                                                           |
| 3  | Under the clear meaning of 18 U.S.C. Section 3144, legislative           |
| 4  | history and relevant case law, the ordering of a deposition and          |
| 5  | subsequent release of this material witness is mandatory. With that      |
| 6  | in mind, the witness respectfully requests this Court grant a video      |
| 7  | deposition of his testimony and then order his release.                  |
| 8  | DATED: September 1, 2008                                                 |
| 9  | /s/ Al Smithson                                                          |
|    | AL SMITHSON, Attorney for                                                |
| 10 | Material Witness                                                         |
|    | BENITO MARTINEZ-HERNANDEZ                                                |

```
 1  AL SMITHSON, Esq.
    830 23rd Street
 2  San Diego, California 92102

 3  (619) 234-8729

 4  Attorney State Bar No. 51611

 5  Attorney for Material Witness:
    BENITO MARTINEZ-HERNANDEZ
 6

 7

 8                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
 9                 (Honorable ANTHONY J. BATTAGLIA)

10  UNITED STATES OF AMERICA,        )   MAGISTRATE CASE 08MJ2481-AJB
                                     )
11                                   )   DATE: September 16, 2008
                                     )   TIME: 1:30 P.M.
12            Plaintiff,             )   COURTROOM A
                                     )
13  v.                               )   DECLARATION OF ATTORNEY
                                     )   AL SMITHSON IN SUPPORT
14  JOSE RAMON HERRERA-CONTRERA      )   OF MOTION FOR ORDER
    JOSE FELIPE PEREZ                )   SETTING VIDEO DEPOSITION
15  WILMER GIOVANY OLMEDO            )   OF MATERIAL WITNESS
                                     )
16                                   )   BENITO MARTINEZ-HERNANDEZ
                                     )
17                                   )
              Defendants.            )
18  _____)

19

20

21                                I.

22                           INTRODUCTION

23

24       I, AL SMITHSON, declare that I am an attorney, duly licensed

25  to practice law in the State of California and in the United States

26  District Court for the Southern District of California;

27       I am making this declaration on behalf of the material

28  witness, BENITO MARTINEZ-HERNANDEZ was arrested on or about August
```

1 | 11, 2008, and has remained in custody since that date. The material
2 | witness has no friends, neighbors, or acquaintances in the United
3 | States who can qualify as an acceptable surety to accommodate his
4 | release from custody.
5 |     Material witness BENITO MARTINEZ-HERNANDEZ came to the United
6 | States to seek employment to help support his family.
7 |     The material witness will have been in custody for 36 days as
8 | of the hearing date of this motion.  To continue to remain in
9 | custody imposes an extreme hardship on the material witness and on
10 | his family.
11 |     In view of these facts, material witness BENITO MARTINEZ-
12 | HERNANDEZ seeks an Order for a video deposition from this Court. I
13 | have fully explained the procedures involved in this deposition
14 | process and received his promise of full cooperation in the video
15 | deposition process.
16 |     I am unaware of any reason why this witness should not be
17 | released from custody in this case after the video deposition
18 | pursuant to Rule 15 (a) of the Federal Rules of Criminal Procedure,
19 | and am further unaware of the existence of a statement of such
20 | reason by any other attorney on this case.
21 |     I believe it would be in the interests of justice to allow the
22 | testimony of this material witness in question to be secured by
23 | video deposition and to thereafter release the material witness
24 | to prevent them from suffering custody any longer than necessary in
25 | order to further justice in this case.
26 |     I declare under penalty of perjury that the foregoing is true
27 | and correct.
28 |

```
1  DATED: September 1, 2008.

2              /s/ Al Smithson
               AL SMITHSON, Attorney for Material Witness
3              BENITO MARTINEZ-HERNANDEZ

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```